IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BETTY A. MILLICAN, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.: 4:19-CV-0859 |
| § | |
| ANDREW SAUL, § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| *Defendant*. § | |

## **MEMORANDUM AND ORDER**

Plaintiff Betty Millican filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying her request for disability insurance benefits and supplemental security income. Millican and the Commissioner moved for summary judgment. Dkts. 11, 12. After considering the pleadings, the record, and the applicable law, the court **DENIES** Millican's motion, **GRANTS** the Commissioner's motion, and **AFFIRMS** the decision of the Commissioner.[1]

### **I. Background**

**1. Factual and Administrative History**

Millican filed her claim for disability insurance benefits on October 20, 2015 and her claim for supplemental security income on March 11, 2016 alleging in both that she became disabled as of November 13, 2014. Tr. at 11. The agency denied her claims on initial review and reconsideration. The administrative law judge (ALJ) held a hearing on August 21, 2017 at which

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including entry of final judgment. Dkt. 7.

Millican and a vocational expert, Kay S. Gilreath, testified. The ALJ issued an unfavorable decision denying benefits on December 11, 2017. The Appeals Council denied review on October 5, 2018 and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.984(b)(2) and 416.1484(b)(2).

2. **Standard of Review**

Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). When reviewing the Commissioner's decision, the court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id*.

3. **Disability Determination Standards**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

In the first step, the ALJ decides whether the claimant is currently working or "engaged in substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. In the second step, the ALJ must determine whether the claimant has a severe

impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant's impairment does not have a de minimis impact on her ability to work, she is not disabled. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). The third step of the sequential analysis requires the ALJ to determine whether the claimant's severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the claimant is disabled. If not, the ALJ must determine the claimant's "residual functional capacity" (RFC). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011) (citing 20 C.F.R. §404.1545). At step four, the ALJ determines whether the claimant's RFC permits her to perform her past relevant work. If the answer is no, the ALJ determines at step five whether the claimant can perform any other work that exists in the national economy. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). The claimant bears the burden to prove disability at steps one through four, but the burden shifts to the Commissioner at step five. *Newton*, 209 F.3d at 452-53.

**4. The ALJ's Decision**

The ALJ found that Millican did not engage in substantial gainful activity after her alleged onset date of November 13, 2014, through the date of the ALJ's decision. Tr. at 14. The ALJ found that Millican had the medically determinable severe impairments of "back problems; diabetes mellitus; migraine headaches; obstructive sleep apnea; heart abnormality by history; carpal tunnel syndrome; affective disorder; and anxiety disorder," none of which meets or medically equals the severity of a listing. *Id.* at 15-16. The ALJ further found that Millican retained the residual functional capacity to do the following:

> Lift, carry, push, or pull ten pounds frequently and twenty pounds occasionally; stand or walk six hours in an eight-hour workday with normal breaks; and sit six hours in an eight-hour workday with normal breaks. The work may not include crawling and may not require climbing ropes, ladders, or scaffolds. Additionally, the work is limited to occasional stooping, kneeling, and crouching. Further, the work is limited to frequent, but not constant, gross handling and fine fingering bilaterally. As well, the work may not be unprotected heights or in the presence of dangerous moving machinery. The work environment may not include exposure to extreme cold, outside weather conditions, or excessive noise. Also, the work environment may not include exposure to fumes, noxious odors, gases, chemicals, or poor ventilation. In terms of mental restriction, the work is limited to understanding, remembering, and carrying out simple one, two, or three-step tasks that are routine and repetitive and without frequent changes in duties at a non-assembly-line pace. Finally, the work is limited to occasional contract with the public.

Tr. at 18. Based on this RFC and the testimony of the vocational expert, the ALJ concluded that Millican could not perform her past relevant work but could perform other jobs that exist in the significant numbers in the national economy. Tr. at 21-22. Therefore, the ALJ concluded Millican has not been disabled within the meaning of the Social Security Act at any time since her alleged onset date, November 13, 2014, through the date of his decision. Tr. at 23.

## II. Analysis

Millican argues that the ALJ committed reversible error by: (1) failing to obtain an updated medical expert opinion concerning listing equivalence and RFC and therefore failing to properly develop the record; (2) failing to properly consider her pain; (3) failing to expressly determine whether she could maintain employment; and (4) rejecting evidence favorable to her without sufficient explanation.

**1. The ALJ was not required to obtain an updated medical expert opinion.**

It is well-established that "the ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). However, an ALJ's decision whether to obtain an updated medical expert opinion is discretionary.[2] *See, e.g.*, *Dominguez v. Astrue*, 286 F. App'x 182, 186 (5th Cir. 2008) ("the ALJ was not required to obtain medical expert testimony . . . the use and consideration of medical expert testimony is solely within the discretion of the ALJ"); *Wycoff v. Berryhill*, Civil Action No. 4:18-cv-885, 2019 WL 699995 at *8 (S.D. Feb. 20, 2019) ("[W]hether to seek an updated medical opinion is within the ALJ's discretion."); *Zahreai v. Colvin*, Civil Action No. 16-CV-396, 2017 WL 3034716 at *5 (W.D. Tex. July 7, 2017) (same);*Ybarra v. Colvin*, Civil Action No. 4:13-cv-3720, 2015 WL 222330 at *7 (S.D. Tex. Jan. 14, 2015) (same); *Malone v. Colvin*, Civil Action No. H-13-3043, 2015 WL 1291824 at *14 (S.D. Tex. Mar. 16, 2015) (same). "Whether an impairment(s) medically equals the requirements of a listed impairment is an issue reserved to the Commissioner." SSR 17-2P, 2017 WL 3928306, at *4 (S.S.A. Mar. 27, 2017). Plaintiff is not entitled to remand simply because the ALJ did not obtain an updated medical expert opinion. *See Guitierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *6 (5th Cir. Aug. 19, 2005) (ALJ's RFC determination was supported by substantial evidence without need for an updated medical source opinion even though the ALJ rejected part of the medical opinion of claimant's treating physician); *Malone*, 2015 WL 1291824 at *15 (no error in declining to obtain updated medical opinion where ALJ's decision was based on substantial evidence.).

---

[2] Plaintiff cites SSR 96-6p for the proposition that the ALJ was required to obtain an updated medical report before determining her impairment did not meet or equal a listing. *See* Dkt. 11 at 3. The record does not show that the ALJ violated SSR 96-6p, but in any event that ruling was superseded by SSR 17-2p effective March 27, 2017, before the ALJ's decision in this case.

5

In this case, the ALJ "considered the 1.04, 3.10, 9.00, 11.14, 12.04, and 12.06 listings in light of the clinical signs and diagnostic findings in the medial evidence." Tr. at 15. In doing so, the ALJ considered, as he must, "the opinions of the consultative examiners and State Agency Consultants who evaluated the issue at the initial and reconsideration levels of the administrative review process and reached the same conclusion." *Id.* The ALJ also made express findings regarding the paragraph B and paragraph C criteria for evaluating mental impairments. *Id.* at 15-16. Millican has not shown that she was prejudiced by the ALJ's decision not to obtain an updated medical opinion because she has not shown any likelihood that an updated medical opinion would alter the ALJ's listing equivalence or RFC determinations. *See Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (ALJ's failure to fully develop the record warrants remand if plaintiff is prejudiced by that failure); *Glover v. Barnhart*, 81 F. App'x 513, 515 (5th Cir. 2003) ("Finally, although Glover contends that the ALJ abused her discretion in denying her request for a medical expert to testify at her hearing, Glover points to no evidence that, had the ALJ allowed a medical expert to testify, would have been adduced at the hearing and that could have changed the result of the proceeding.").

It is the duty of the ALJ, not the court, to weigh the evidence, resolve material conflicts in the evidence, and decide the case. *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988). Millican has not shown the ALJ committed reversible error by not obtaining an updated medical expert opinion.

**2. The ALJ properly considered plaintiff's pain.**

Millican alleges the ALJ failed to give due consideration to her pain, but she has failed to identify any record evidence showing that her pain results in functional impairments greater than

those imposed by the ALJ. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) (to establish disability a claimant must show a functional impairment that would preclude substantial gainful activity). The mere existence of pain is not a basis for a disability finding. *Owens v. Heckler*, 770 F.2d 1276, 1281 (5th Cir. 1985). The ALJ acknowledged Millican's impairments that could cause her alleged symptoms, including pain, but found that her statements regarding the intensity, persistence, and limiting effects of her symptoms were not consistent with the medical and other evidence. Tr. at 18. Specifically, the ALJ noted that Millican's exams routinely showed normal range of motion, balance, and gait and indicated no reduced grip strength. Tr. at 19. The ALJ further noted that her treating physician's records regarding her headaches are based on her own reporting and her "condition was stable with treatment as the records show no real change clinically with negative diagnostic findings." Tr. at 20. The ALJ limited Millican to a reduced range of light work to account for all of her non-exertional limitations that were supported by medical evidence. The ALJ considered her pain, but Millican did not demonstrate a functional impairment that would preclude gainful activity. *See Hames*, 707 F.2d at 165.

3. **The ALJ did not err by failing to expressly state that plaintiff could maintain employment.**

Millican argues the ALJ erred by failing to make an express finding that she could maintain employment. The Fifth Circuit has roundly rejected the argument that "the ALJ must make a specific finding regarding the claimant's ability to maintain employment in every case." *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). The ALJ's obligation to make separate findings about an applicant's ability to maintain the job over a sustained period arises only when a factual predicate establishes that "the claimant's physical ailment waxes and wanes in the manifestation of disabling symptoms." *Id.* at 619 (clarifying the scope of *Watson v. Barnhart*, 288 F.3d 212 (5th

Cir. 2002)); *see also Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005) ("This court made clear in *Frank* that 'nothing in *Watson* suggests that the ALJ must make a specific finding regarding the claimant's ability to maintain employment in every case.'"). As discussed in *Frank*, the requirement that an ALJ make a finding that a claimant can maintain employment is intended to address situations in which a claimant can work in short spurts, but cannot maintain employment for a long period of time due to disabling symptoms that wax and wane. 326 F.3d at 619. The *Frank* court noted that being able to work in short sports but unable to maintain employment for a long period of time does not constitute "substantial gainful activity," and a claimant in those circumstances could be considered disabled. *Id*. at 621.

Absent a factual predicate by which a claimant establishes that the manifestations of disabling symptoms wax and wane, the claimant's ability to maintain employment "on a regular and continuing basis" is subsumed in the RFC determination. *Id*. at 619; *see also* 20 C.F.R. §§ 404.1545(b), 416.945(b). The ALJ noted in his decision that no diagnostic findings or medical treatment records support Millican's allegations regarding the frequency or severity of her migraines. Tr. at 20. Millican has failed to identify medical evidence demonstrating that she suffers from disabling symptoms that come and go. *See* Dkt. 11 at 6-7. In fact, Millican makes no distinction between her ability to work and her ability to *sustain* work. Like the claimant in *Frank*, Millican argues she cannot work at all, not that she can work only in short spurts and cannot sustain employment. *See Frank*, 326 F.3d at 621 ("[Frank] does not allege that she can work for short spans of time but cannot hold a job. Instead, she just seems to contend that she cannot work at all."). Millican has failed to establish disabling symptoms that come and go, the factual predicate necessitated by *Frank* and *Perez* before the ALJ is obligated to make a finding

beyond the RFC that she can maintain employment. Therefore, Millican has not shown she is entitled to remand on the ground that the ALJ failed to expressly find that she could maintain employment.

   **4. The ALJ considered all the evidence.**

Millican contends the ALJ summarily rejected favorable evidence without explaining why favorable evidence was inconsistent with other evidence in the record. Specifically, Millican points to the following favorable evidence as summarily rejected by the ALJ:

- Neuropathy as end organ damage from diabetes (Tr. 353);
- Major Depressive Disorder with psychotic features, unresolved sexual abuse, chronic pain from neuropathy and inability to manage plaintiff's own finances (Tr. 401);
- difficulty with cooking and other ADL's, trouble sleeping documented by sleep study, history of hospitalization with diabetic coma (Tr. 723);
- breathing problems, neuropathy of feet and legs, carpal tunnel, need to use a walker (Tr. 724); and
- mental health and multiple health problems, which make her ability to concentrate and persist in work related activity at a reasonable pace, poor. (Tr. 726).

Dkt. 11 at 7. The evidence Millican points to is contained in a 2011 consultative exam by Dr. Sahi, a March 2015 consultative mental status exam by Dr. Garcia, and an August 2016 consultative mental status exam by Dr. Anderson. Contrary to Millican's contention, the ALJ expressly considered all of these reports and the cited evidence.

For example, the ALJ explained that the 2011 consultative exam Millican cites as support for her neuropathy complaints was created years prior to her alleged onset date. Tr. at 21. The ALJ expressly cited subsequent medical records that indicate Millican had average overall health, a normal range of motion and gait, and no motor or sensory deficits. Tr. at 19, 21. The ALJ also considered the March 2015 report Millican cites but noted that Millican testified she helps her grandchildren with homework, and that during the 2105 examination her cognition, thought

process, immediate memory, insight, and judgment were all intact. Tr. at 15-16. With respect to the August 2016 report, the ALJ gave great weight to Dr. Anderson's opinion that Millican could understand, remember, and carryout instructions involving a few steps because it is consistent with the evidence as whole. On the other hand, the ALJ disregarded other opinions in the August 2016 report because they were not expressed in terms of a function-by-function analysis and were based solely on Millican's subjective complaints. Tr. at 21. In sum, Millican's argument that the ALJ simply rejected favorable evidence without explaining his reasons is not supported the record.

### III. Conclusion and Order

For the reasons discussed above, the court **GRANTS** the Commissioner's motion, **DENIES** Millican's motion, and **AFFIRMS** the ALJ's decision denying benefits.

Signed on February 19, 2020, at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge